(83 South. 369)

No. 23467.

RIDDELL v. RIDDELL.

(Nov. 3, 1919. Rehearing Denied Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

WILLS ⬉65—DONATION TO DEFEAT CONTRACT TO BEQUEATH PROPERTY TO WIFE INVALID.

Where a marriage contract provided that in event there should be no issue, and the wife should survive her husband, he should bequeath to her one-half of whatever his estate may consist of at that time, the husband could not defeat the wife's rights by a gratuitous donation of his property before his death, for under Civ. Code, arts. 1735, 1736, such a donation, regardless of articles 1737, 1738, and 1745, is irrevocable, and cannot be defeated by a gratuitous donation of property, although the husband may have the right of control during life.

Dawkins, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by Mrs. Ida Churchill Riddell, widow of Peter G. Riddell, against J. Ferguson Riddell, revived against the succession of the defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

W. O. Hart and G. Fernandez, Sr., both of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

PROVOSTY, J. In this case Mrs. Riddell, widow of Peter G. Riddell, sued J. Ferguson Riddell, and, he having died, she now prosecutes the suit against his succession, to annul in so far as affecting her rights a donation made to him by his father, her deceased husband, of practically all the latter's property, in violation, as she contends, of the following clause of her marriage contract with the said donor, to wit:

"In the event there should be no issue of the said contemplated marriage and that if said contemplated wife should survive her husband and the marriage being in full force and effect at the time of his death, then he hereby bequeaths to and settles upon her one-half of whatever his estate may consist of at that time."

The case involves simply the interpretation of the following articles of the Code:

"Art. 1735. Fathers and mothers, the other ascendants, the collateral relations of either of the parties to the marriage, and even strangers, may give the whole or a part of the property they shall leave on the day of their decease, both for the benefit of the parties, and for that of the children to be born of their marriage, in case the donor survive the donee.

"Such a donation, though made for the benefit of the parties to the marriage, or for one of them, is always, in case of the survivorship of the donor, presumed to be made for the benefit of the children or descendants to proceed from that marriage.

"Art. 1736. A donation, in the form specified in the preceding article, is irrevocable only in this sense, that the donor can no longer dispose of the objects comprised in the donation on a gratuitous title unless it be for moderate sums, by way of recompense or otherwise.

"The donor retains till death the full liberty of selling and mortgaging, unless he has formally barred himself of it in the whole or in part.

"Art. 1737. A donation in favor of marriage may be made cumulatively of the property present and future, provided, that to the act be annexed a statement of the debts and charges of the donor, existing on the day of the donation, in which case the donee, on the decease of the donor, may accept merely the present property, renouncing the surplus of the property of the donor.

"Art. 1738. If the statement mentioned in the preceding article has not been annexed to the act containing a donation of present and future property, the donee shall be obliged to accept or reject that donation wholly; and in case of acceptance, he shall claim only the property existing on the day of the donor's decease, and he shall be liable to the payment of all the charges and debts of the succession."

"Art. 1745. A donation of property in future, or of property, present and in future, made between married persons, by marriage contract, whether simple or reciprocal, shall be subject to the rules established by the preceding chapter, with regard to similar donations made to them by a third person, except that it shall not be transmissive to the children, the issue of the marriage, in case of the death of the donee before the donor."

The donation made to plaintiff was irrevocable under the express provisions of this article 1736, and yet it will have been in effect revoked to the extent complained of, if the said subsequent donation is not annulled as prayed. The judgment appealed from, which annuls the donation to that extent, thereby simply enforcing article 1736, is correct. Succession of McCloskey, 29 La. Ann. 237.

The learned counsel for defendant contends that when articles 1735 and 1736 are read in connection with articles 1737 and 1738, the sweeping terms of article 1736 are seen to have application only to donations of specific property identified by being described in the marriage contract.

We cannot follow learned counsel in this contention. These articles are taken from the Code Napoleon, appearing there under number 1081 et seq. They have been fully expounded in the French jurisprudence. Laurent, vol. 15, pp. 253, 334; Dalloz, Codes Annotés, vol. 2, art. 1083; Marcadé, art. 1081 et seq.; Demolombe, vol. 23, No. 315; Aubry et Rau (4th Ed.) vol. 8, No. 739; Huc, vol. 6, No. 3918. Without going into details, we can say, in general terms, that articles 1735 and 1736 have reference to a character of donation entirely different from that to which articles 1737 and 1738 relate. The one kind of donation leaves to the donor the right to dispose freely of his property except by gratuitous title; whereas the other deprives him of all right to dispose of it, leaving him only the right to enjoy it during his lifetime.

Judgment affirmed.

DAWKINS, J., dissents.